**T.K. BRIDGES, Plaintiff–Appellant,**

v.

**Dianne CRANDALL; Matt Buechner; Steven Cambra, Defendant–Appellee.**

No. 00–15146.

D.C. No. CV–98–00182–CAL/BZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2001.

Decided April 4, 2001.

Before NOONAN, McKEOWN, and WARDLAW, Circuit Judges.

MEMORANDUM *

Plaintiff–Appellant T.K. Bridges appeals the district court's grant of summary judg-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ment to Defendant–Appellee Steven Cambra.[1] He contends that the district court erred when it concluded 1) that Bridges' speech did not pertain to a matter of public concern, and 2) that Bridges' speech failed the *Pickering* balancing test. *Pickering v. Bd. of Educ.*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Assuming without deciding that Bridges' speech related to a matter of public concern, and that Bridges was fired for his speech,[2] we conclude that such termination was permissible. Under *Pickering*, an employer is justified in firing an employee, based on that employee's speech, if "the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees" outweighs the "interests of the [employee], as a citizen, in commenting upon matters of public concern." *Connick v. Myers*, 461 U.S. 138, 142, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) (quoting *Pickering*, 391 U.S. at 568 (internal quotation marks omitted)).

■ Here, the relevant factors weigh in favor of Cambra. *See Gilbrook v. City of Westminster*, 177 F.3d 839, 867–68 (9th Cir.1999) (listing factors). In complaining about the investigation and arrest of his coworker, Bridges was, by his own admission, tactless, vulgar, and indiscriminate. He spoke whenever he wanted, to whomever would listen. But although he spoke often, he made no effort to sway his superiors or to inform the public. In short, Cambra could certainly have "reasonabl[y] predict[ed]" that Bridges' speech would cause disruption in the workplace. *Brewster v. Bd. of Educ.*, 149 F.3d 971, 979 (9th

Cir.1998) (quoting *Waters v. Churchill*, 511 U.S. 661, 673, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994)). Moreover, Bridges admitted that he had no basis upon which to make most, if not all, of his accusations; they were, therefore, made with "reckless disregard of the truth." *Gilbrook*, 177 F.3d at 868.

Accordingly, the *Pickering* balancing test favors Cambra, and summary judgment was proper.

AFFIRMED.

---

1. Bridges previously dismissed Defendants Crandall and Buechner

2. Cambra contends that Bridges' speech did not relate to a matter of public concern and

that, in any event, Bridges was fired for using excessive force on inmates, not for his complaints about the treatment of Garcia.